UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY GLEN BROWN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-3734 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on Petitioner Larry Glen Brown's Petition for Writ of Habeas Corpus and Respondent William Stephens' Motion for Summary Judgment. Having carefully considered the Petition, the Motion, and the arguments and authorities submitted by the parties, the Court is of the opinion that Respondents' Motion should be GRANTED, and Brown's Petition for Writ of Habeas Corpus should be DENIED.

I.   Background

The intermediate court of appeals summarized the relevant facts of this case:

> Brown was indicted for the murder of Christopher Johnson who was fatally shot during a melee at a Bryan nightclub. Several witnesses testified that they saw Brown with a gun at the club and heard shots fired. One testified that Brown shot Johnson. Brown testified that he fired shots in the air and the crowd cleared the area. Then he heard shots coming from a fence at the side of the club property and fired "blindly" in that direction. The court denied his requested instructions for self-defense, voluntary intoxication, and the lesser-included offense of criminally negligent homicide.

*Brown v. State,* 2010 WL 138331 at *1 (Tex.App.-Waco,2010). Brown was convicted in the 361st District Court of Brazos County, Texas of the lesser included offense of manslaughter, and was sentenced to 20 years imprisonment.

The 10th Court of Appeals affirmed the conviction and sentence, *Brown v. State*, No. 10-07-00279-CR (Tex. App. – Waco 2010). Brown filed a petition for discretionary review ("PDR"), but the Texas Court of Criminal Appeals ("TCCA") dismissed it as untimely on May 5, 2010. *Brown v. State*, PDR 478-10 (Tex. Crim. App. 2010).

Brown filed an application for a state writ of habeas corpus. The TCCA denied relief. *Ex Parte Brown*, 2012 WL 6200641 (Tex. Crim. App. 2012). He filed this federal petition on December 26, 2012.

II. The Applicable Legal Standards

    A. The Antiterrorism and Effective Death Penalty Act

This federal petition for habeas relief is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Under the AEDPA federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999). For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this court may grant relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885 (2001). Under the "contrary to" clause, this court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court

decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000), *cert. denied*, 532 U.S. 915 (2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 406. "In applying this standard, we must decide (1) what was the decision of the state courts with regard to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts." *Hoover v. Johnson*, 193 F.3d 366, 368 (5th Cir. 1999). A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd,* 286 F.3d 230 (5th Cir. 2002) (en banc), *cert. denied sub nom. Neal v. Epps*, 537 U.S. 1104 (2003). The sole inquiry for a federal court under the 'unreasonable application' prong becomes "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'" *Id.* (quoting *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'").

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). The state court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997), *cert. denied*, 522 U.S. 1119 (1998).

B. The Standard for Summary Judgment in Habeas Corpus Cases

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000). In ordinary civil cases a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Where, however, a state prisoner's factual allegations have been resolved against him by express or implicit findings of the state courts, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor. *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981). In reviewing factual determinations of the Texas state courts, this court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

III. Analysis

Brown's petition raises five claims for relief. These are addressed in turn.

A. Ineffective Assistance of Counsel

In his first and fourth claims for relief, Brown contends that he received ineffective assistance of counsel. To prevail on a claim for ineffective assistance of counsel, Petitioner

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on the first prong of the *Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Reasonableness is measured against prevailing professional norms, and must be viewed under the totality of the circumstances. *Id.* at 688. Review of counsel's performance is deferential. *Id.* at 689.

Because the Texas state courts have already decided these claims against Brown, he faces a very high burden in this federal habeas corpus proceeding.

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.,* at 689 [104 S.Ct. 2052]; *Lindh v. Murphy,* 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles* [*v. Mirzayance*]*,* 556 U.S., at ----, 129 S.Ct. [1411], at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at **----,** 129 S.Ct., at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland* 's deferential standard.

*Premo v. Moore*, ___ U.S___, 131, S.Ct. 733, 740 (2011).

1. Penalty Phase

Brown first contends that counsel rendered ineffective assistance by failing to call numerous witnesses during the penalty phase of the trial. Brown identifies a number of these witnesses, and supports his claim with an affidavit from one of the uncalled witnesses stating that she would have been available to testify. SH (Doc. # 10-31) at 51. Counsel called no defense witnesses at the penalty phase.

The State presented evidence of Brown's prior convictions for a juvenile burglary, and felony convictions for theft and failure to identify to a police officer. A witness also testified that Brown planned to rob a Jack in the Box restaurant. SH (Doc. # 10-32) at 17. A detective testified that, based on monitored phone conversations from the jail, Brown bragged about his ability to smuggle contraband into the jail, and bragged about getting a gun and two bulletproof vests past Harris County police after an arrest. *Id.* Defense counsel cross examined the witnesses and obtained concessions that weakened the impact of their testimony. *Id.* Counsel also successfully objected to the State's attempt to call three of the victim's relatives who were not on the State's witness list. The state habeas court also found that counsel discussed possible witnesses with Brown and that they mutually decided not to call witnesses. *Id.* In connection with the state postconviction proceedings, counsel submitted an affidavit in which he stated that Brown never informed him of the witnesses he now claims should have been called to testify. *Id.* at 18.

The Fifth Circuit has held that "complaints based upon uncalled witnesses [are] not favored because the presentation of witness testimony is essentially strategy and thus within the trial counsel's domain, and . . . speculations as to what these witnesses would have testified is too uncertain." *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (citing *United States v.*

*Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983), *cert. denied*, 467 U.S. 1251 (1984)). "In order for the appellant to demonstrate the requisite *Strickland* prejudice, the appellant must show not only that this testimony would have been favorable, but also that the witness would have testified at trial." *Id.*

Under circumstances more compelling than those presented here, the Fifth Circuit has declined to find ineffective assistance of counsel. In *Foster v. Johnson*, 293 F.3d 766 (5th Cir. 2002), the petitioner submitted affidavits from several family members stating that they were not contacted by counsel; that they would have been available to testify at the punishment phase of the petitioner's capital murder trial; and that they could testify as to areas no other witness addressed, the petitioner's drinking problem and his father's drinking problem during the petitioner's youth. *Id.* at 783. No such evidence was presented at trial. The Mississippi Supreme Court concluded that these additional witnesses would not have altered the outcome of the trial, because other mitigating evidence was present. The Fifth Circuit held that the petitioner was not entitled to relief on the basis of ineffective assistance of counsel. *Id.* at 783-84.

The state habeas court found that Brown failed to establish that these witnesses were, in fact, available to testify, or to demonstrate a reasonable likelihood that he would have received a less harsh sentence if counsel called the witnesses. *See* SH (Doc. # 10-32) at 19. Based on the record, including the trial transcript in which Brown acknowledges his agreement not to call witnesses, and counsel's affidavit, the state habeas court's findings are reasonable. Brown fails to show that the state court's conclusion that he did not receive constitutionally ineffective assistance of counsel in the penalty phase was unreasonable. He is not entitled to relief on this claim.

2. *Voir Dire*

In his fourth claim for relief, Brown contends that counsel was ineffective for failing to more vigorously challenge the State's peremptory strike of an African-American prospective juror. The equal protection clause prohibits the prosecution from striking a juror based solely on the juror's race. *Batson v. Kentucky*, 476 U.S. 79 (1986). When a defendant believes that a prosecutor has used a race-based challenge, the defendant must make a *prima facie* showing that the prosecutor struck the juror on the basis of race. If he does so, the burden shifts to the prosecutor to offer a race-neutral explanation for the strike. The trial court must then determine whether the proffered explanation is pretextual. *Hernandez v. New York*, 500 U.S. 352, 358-59 (1991).

In this case, the prosecutor used a peremptory challenge on one of the two African-American venire members. Defense counsel objected to the strike, and the prosecutor explained that he struck the juror because the juror stated that he had been inside the establishment where the shooting occurred. 1 Tr. at 140-41. Defense counsel noted that the club is a popular barebecue place frequented by African-Americans in the Bryan area, and argued that, because the club was "one of the few" establishments in the area frequented by African-Americans, the explanation for the strike was not race neutral. *Id.* at 141-43.

The record thus makes clear that counsel did, in fact, challenge both the strike and the race-neutral explanation offered for the strike. Brown fails to demonstrate that the explanation was a pretext, or that counsel failed to perform reasonably. He is not entitled to relief on this claim.

B.       Jury Instructions

In his second claim for relief, Brown contends that he was denied due process by the trial court's refusal to instruct the jury on self defense.  Errors in jury instructions do not state a claim for relief unless the error resulted in "prejudice of constitutional magnitude." *Sullivan v. Blackburn*, 804 F.2d 885, 887 (5th Cir. 1986).  The habeas petitioner must demonstrate that the error "had a substantial and injurious effect" on the verdict.  *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).

Brown raised this claim in his direct appeal.  In rejecting his argument, the Tenth Court of Appeals noted:

> A defendant is entitled to an instruction on every defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or uncontradicted, and regardless of what the trial court may or may not think about the credibility of the defense.
>
> Under the law in effect at the time of the offense, section 9.32 of the Penal Code provided in pertinent part that a person was justified in using deadly force in self-defense "when and to the degree he reasonably believes the deadly force is immediately necessary to protect himself against the other's use or attempted use of unlawful deadly force."
>
> Section 9.05 also applies. It provides:
>
>> Even though an actor is justified under this chapter in threatening or using force or deadly force against another, if in doing so he also recklessly injures or kills an innocent third person, the justification afforded by this chapter is unavailable in a prosecution for the reckless injury or killing of the innocent third person.
>
> Tex. Pen.Code Ann. § 9.05 (Vernon 2003).
>
> There is no evidence in the record that Johnson used or exhibited deadly force during the altercation which led to the fatal shooting. Therefore, to the extent Brown's request for a self-defense

> instruction was premised on any perceived threat from Johnson, such an instruction was not authorized under the law.
>
> Brown also testified that he fired his handgun in response to shots being fired from a fence at the side of the club. However, section 9.05 precludes the submission of a self-defense instruction if the defendant recklessly kills an innocent third person while using deadly force in response to a threat from someone else. Therefore, to the extent Brown's request for a self-defense instruction was premised on the perceived threat from an unidentified shooter, he was not entitled to such an instruction with respect to the shooting of Johnson who, under these circumstances, would be an innocent third party.

*Brown v. State* 2010 WL 138331 at *1-*2 (Tex.App.-Waco,2010) (internal quotation marks, citations and footnotes omitted).

Brown argues that the Texas state court was wrong. A review of the court's reasoning and the record, however, reveal that the court's ruling is consistent with established Texas law. Because Brown was not entitled to a self defense instruction as a matter of Texas law, the trial court did not err, and did not deny Brown due process.

### C. Sufficiency of the Evidence

In his third claim for relief, Brown contends that the evidence was insufficient to support his conviction. Respondent argues that this claim is procedurally defaulted

#### 1. Procedural Default

Stephens argues that this claim is procedurally defaulted. The procedural default doctrine may bar federal review of a claim. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). The Supreme Court has noted that

> [i]n all cases in which a state prisoner had defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "This doctrine ensures that federal courts give proper respect to state procedural rules." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750-51), *cert. denied*, 523 U.S. 1125 (1998); *see also Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (finding the cause and prejudice standard to be "grounded in concerns of comity and federalism").

There is no dispute that Brown raised this claim in his petition for discretionary review, and that the Court of Criminal Appeals dismissed that petition as untimely filed. A procedural default bars federal habeas review unless the petitioner shows cause for the default, and actual prejudice flowing from the alleged constitutional violation, or a miscarriage of justice. *Sykes*, 433 U.S. at 87, 80. "Cause" for a procedural default requires a showing that some objective factor external to the defense impeded counsel's efforts to comply with the state procedural rule, or a showing of a prior determination of ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Amadeo v. Zant*, 486 U.S. 214, 222 (1988). A "miscarriage of justice" means actual innocence. *Sawyer v. Whitley*, 505 U.S. 333, 335 (1992).

Brown argues that his unit was under lockdown at the time his petition was due, that he gave the petition to prison officials to mail in a timely manner, and that it was the officials' failure to do so that caused his petition to be untimely. If true, this would certainly constitute "some objective factor external to the defense [that] impeded [petitioner]'s efforts to comply with the state procedural rule . . . ." As discussed below, however, the evidence was sufficient to

support the conviction. Therefore, Brown is not entitled to relief whether or not the claim is procedurally defaulted.

### 2. Sufficiency of the Evidence

In addressing a sufficiency of the evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). The sufficiency of evidence is a mixed question of law and fact. *See Gomez v. Acevedo*, 106 F.3d 192, 198 (7th Cir. 1997), *vacated on other grds.*, 522 U.S. 801 (1997). Therefore, as noted above, this Court may grant federal habeas relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

The Court of Appeals addressed this claim.

> Dmarcus Thurman testified that he saw Brown "literally shoot Chris Johnson point blank right to the back." Other witnesses testified that they saw Brown brandishing a gun and heard gunshots as they ran or took cover. This constitutes legally sufficient evidence that Brown fired the fatal shot.
> Regarding factual sufficiency, Brown testified that shots were fired by others at the premises. Investigators found shell casings from other weapons on the premises. Results of testing on the bullet removed from Johnson's body were not available at trial, so it was not shown to be a 9 millimeter bullet.
>
> There was conflicting evidence about whether Brown fired the fatal shot. It was within the jury's province to resolve those conflicts. By returning a verdict of guilty, the jury necessarily resolved those conflicts in favor of the State. Giving due deference to the jury's role as the factfinder, we will not disturb its finding. Accordingly, we find that the evidence was factually sufficient to support a finding that Brown fired the fatal shot.

> With regard to self-defense, we have already determined that Brown was not entitled to an instruction on self-defense.

*Brown v. State* 2010 WL 138331 at *2-*3 (Tex.App.-Waco,2010).

This conclusion is supported by the evidence, including witness testimony that Brown fired his gun, and Brown's own admission that he fired. Because Brown fails to demonstrate that no rational juror could have found him guilty beyond a reasonable doubt based on the evidence presented, he is not entitled to relief on this claim.

    D.    Prosecutorial Misconduct

In closing argument, the prosecutor commented that Brown showed no sympathy for his victim. In his fifth and final claim for relief, Brown contends that this constituted an improper comment on Brown's Fifth Amendment right to remain silent.

It is well established that a prosecutor may not comment on a defendant's decision not to testify at his criminal trial. *See Griffin v. California*, 380 U.S. 609 (1965). In this case, however, Brown testified on his own behalf. He therefore waived his Fifth Amendment right to remain silent, and the prosecution was permitted to ask the jury to draw inferences from omissions in his testimony. *See Caminetti v. United States*, 242 U.S. 470, 495 (1916).

IV.    Conclusion

For the foregoing reasons, Brown fails to raise a viable claim for habeas relief. His petition must be dismissed with prejudice for the reasons stated in this opinion.

V.    Certificate of Appealability

Brown has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to

deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, "the determination of whether a COA should issue must be made by viewing the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." *Barrientes v. Johnson*, 221 F.3d 741, 772 (5th Cir. 2000), *cert. dismissed*, 531 U.S. 1134 (2001).

This Court has carefully considered Brown's claims. The Court finds that the claims are foreclosed by clear, binding precedent. This Court concludes that under such precedents, Brown has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that Brown is not entitled to a certificate of appealability on his claims.

VI.     Order

        For the foregoing reasons, it is ORDERED as follows:

        A.     Respondent's motion for summary judgment (Doc. # 9) is GRANTED;

        B.     Petitioner Larry Glen Brown's Petition for Writ of Habeas Corpus (Doc. # 1) is in all respects DENIED; and

        C.     No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

        SIGNED on this 16th day of January, 2014.

        _____
        Kenneth M. Hoyt
        United States District Judge